IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY LAMARK MURPHY, #219513,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:16-CV-877-MHT |
| ) | |
| SUSAN G. JAMES,  ) | |
| ) | |
| Defendant.  ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a complaint filed under 42 U.S.C. § 1983 by Tony Lamark Murphy ("Murphy"), an indigent state inmate incarcerated at the Bibb Correctional Facility. In the instant complaint, Murphy challenges the constitutionality of legal assistance provided to him by Susan G. James, the attorney he retained in February of 2008 to represent him on direct appeal of a murder conviction imposed upon him by the Circuit Court of Tallapoosa County, Alabama. Doc. 1 at 2–3. Specifically, Murphy complains that James "abandoned [his] appeal" when she failed to file a petition for writ of certiorari with the Alabama Supreme Court. Doc. 1 at 3. He characterizes his attorney's actions as both malpractice and ineffective assistance. Doc. 1 at 2–3. Murphy seeks a declaratory judgment and monetary damages from the defendant.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Murphy leave to proceed *in forma pauperis* on November 8, 2016. Doc. 3. A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The 42 U.S.C. § 1983 Claim

Murphy complains that James violated his constitutional rights when she failed to file a petition for writ of certiorari with the Alabama Supreme Court during the direct appeal process. In accordance with applicable federal law, this allegation entitles Murphy to no relief from this court under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  As the Supreme Court has held:

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'". . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

*Am. Manuf.*, 526 U.S. at 49–50 (footnote and citations omitted) (emphasis in original).

An attorney who represents an individual does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  Since the conduct about which Murphy complains was not committed by a person acting under color of state law, the claims presented against James under 42 U.S.C. § 1983 lack an arguable basis in law and are therefore subject to summary

dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B. Supplemental Jurisdiction

To the extent Murphy seeks relief from this court on a pendent state law claim for legal malpractice, *see* Doc. 1 at 2, any review of this claim is appropriate only upon exercise of the court's supplemental jurisdiction. In the posture of this case, however, the court declines to exercise supplemental jurisdiction over Murphy's state law claim.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'"

*L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) (citations omitted). The exercise of supplemental jurisdiction is entirely discretionary. *Un. Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428.

Since the federal claim presented by Murphy is frivolous, the court concludes that the pendent state law claim is due to be dismissed. *Gibbs*, 383 U.S. at 726 (holding that, if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see Ray v. Tenn. Valley Auth.*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state law tort claim of legal malpractice and makes no determination with respect to the merits of this claim.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  The plaintiff's claim against Susan G. James filed under 42 U.S.C. § 1983 be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's pendent state law claim of legal malpractice be dismissed without prejudice to the rights of the plaintiff to seek relief on this claim before the state courts as this court deems it inappropriate to exercise supplemental jurisdiction over this claim.

3.  This case be summarily dismissed.

It is further ORDERED that on or before **November 28, 2016** the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of November, 2016.

                        /s/ Gray M. Borden
                    UNITED STATES MAGISTRATE JUDGE